**SUDARSONO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3450–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Oleh R. Tustaniwsky, Esq., Law Offices of Andrew P. Johnson, New York, New York, for Petitioner.

Michelle M. Fox, Assistant United States Attorney (Edmond E. Chang and Craig A. Oswald, Assistant United States Attorneys, on the brief), for Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, Chicago, Illinois, for Respondent.

PRESENT: Honorable RICHARD J. CARDAMONE, Honorable REENA RAGGI, Circuit Judges, Honorable RICHARD M. BERMAN, District Judge.[1]

## SUMMARY ORDER

Sudarsono, a citizen of Indonesia, petitions for review of a June 8, 2005 BIA order affirming the February 18, 2004 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for relief from removal, specifically, withholding of

---

1. The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

removal and relief under Article III of the Convention Against Torture ("CAT").[2] *See In re Sudarsono,* No. A 96 423 797 (B.I.A. June 8, 2005), *aff'g* Nos. A 96 423 797 (Immig. Ct. N.Y. City Feb. 18, 2004). Sudarsono submits that he will be persecuted and tortured if returned to Indonesia because he is a moderate Muslim who does not support the various militant and fundamentalist Islamic groups currently operating there. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

To qualify for withholding of removal, an alien must demonstrate that "it is more likely than not" that he will suffer persecution on account of race, religion, nationality, membership in a particular social group, or political opinion if returned to his native country. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004); *see* 8 U.S.C. § 1231(b)(3)(A). To secure CAT relief, an alien must prove that, if removed, he is "more likely than not" to suffer torture. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133–34 (2d Cir.2003); *see Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006); 8 C.F.R. § 1208.18(a)(2) (defining torture). Where, as here, the BIA adopts the ruling of the IJ and supplements its reasoning, we review the ruling of the IJ as supplemented by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We apply *de novo* review to the application of law to undisputed facts, *see Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003), but we deem administrative findings of fact "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun*

*Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

■ Applying these principles to this case, we identify no error in the challenged BIA ruling. Although Sudarsono adduced background evidence demonstrating Indonesia's numerous human rights problems and terrorist activities, he failed to show that it is more likely than not that he would be persecuted—much less tortured—for being a moderate Muslim or that such conduct would be tolerated or condoned by the Indonesian government. *See Ivanishvili v. United States Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006) (observing that actions of private persons may support relief from removal only when applicant shows that government has proved unwilling or unable to control those private actors). In both his asylum application and at the IJ hearing, Sudarsono conceded that neither he nor any member of his family had ever been persecuted or tortured in Indonesia. Thus, he is entitled to no presumption of future abuse based on past mistreatment. *See Bao Zhu Zhu v. Gonzales,* 460 F.3d 426, 431 (2d Cir. 2006) ("After a demonstration of past persecution, a presumption arises that the alien has a well-founded fear of future persecution.").

■ Further, he offered no credible evidence of an objectively reasonable fear of future abuse. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006) ("Withholding claims, like CAT claims, lack a subjective component and are concerned only with objective evidence of future persecution."). His testimony that there is a *"possibility"* that fundamentalist groups

---

**2.** Sudarsono does not petition for review of the denial of his asylum claim, which the IJ found to be untimely. *See* 8 U.S.C. § 1158(a)(2)(B); *Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 154 (2d Cir. 2006) (recognizing that we lack jurisdiction to consider factual challenge to timeliness determination).

"would chase after" him if he returned to Indonesia and "a *possibility* that they will harm" him, Hearing Tr. at 23, 27 (emphases added), is insufficient to demonstrate that such events are more likely than not to occur. To the extent Sudarsono points to his own cross-examination testimony about rebuffing an invitation to join a fundamentalist group as evidence supporting an inference that he will likely be targeted for future mistreatment, his argument suffers a fundamental flaw: the reported incident was not credited by the IJ because petitioner failed to present it in either his asylum application or on direct examination. Because the alleged event goes "to the heart" of Sudarsono's claim, *Secaida–Rosales v. INS*, 331 F.3d at 309; *see Zhou Yun Zhang v. INS*, 386 F.3d at 77, we cannot conclude that a reasonable factfinder was compelled to excuse the belated disclosure and to find petitioner's account credible, *see Zhou Yun Zhang v. INS*, 386 F.3d at 73 (noting "particular deference" due IJ's credibility findings).

In sum, the administrative findings that Sudarsono failed to carry his evidentiary burden to show his entitlement to withholding of removal or CAT relief were supported by substantial evidence. Accordingly, the petition for review of the BIA's June 8, 2005 order is hereby DENIED.